IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCISCO J. MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV406 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, TSCI Warden, and | ) | MEMORANDUM |
| SCOTT FRAKES, NDCS Director, | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on preliminary review of Petitioner Martinez's Petition for Writ of Habeas Corpus (Filing No. 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> CLAIM ONE: (1) The defendant's sixth amendment rights were violated at trial in that defendant's trial counsel's performance fell below the standard of a lawyer with ordinary training and skill in the defense of a criminal case, creating clear error and rendered an unfair trial, as more specifically enumerated in Claim Two; (2) Trial counsel failed to call or depose any witnesses on defendant's behalf to corroborate the relationship of the defendant and the alleged victim. Trial counsel could have called: Sonia Martinez and Pedro Ramirez Cabrera.

> CLAIM TWO: Appellate counsel provided deficient and prejudicial representation in several respects. (1) He failed to raise that the district court erred by not sustaining trial counsel's motion for a directed verdict due to the State failure to prove that the events occurred in Douglas

County, Nebraska, an essential element of the crimes charged; (2) He failed to raise that the district court erred in allowing the State to replay the 911 tape during closing arguments after it had already been played once to the jury during the State's case in chief; (3) He failed to raise that the district court erred in failing to present a proper verdict form that should have included the use of force or coercion as an aggravating factor that must be proven to the jury pursuant to *State v. Payan*; (4) He should have raised that the district court improperly instructed the jury. Instruction No. 5 indicated that the presumption of innocence is evidence if favor of the defendant and continues throughout the trial "until he shall have been proved guilty beyond a reasonable doubt." This statement implies that the defendant's guilt is an inevitability and the instruction is not in conformity with NJI2d Crim. 1.2 or 9.2, which states that the defendant is presumed innocent. Which means that "you must find him not guilty unless and until you decide that the State has proved him guilty beyond a reasonable doubt."; (5) He should have raised that the district court erred in allowing the State to present evidence which varied from the information and presented a second, uncharged theory of guilt to Count IV of the Information, to wit: Tampering with a witness; (6) He should have raised ineffective assistance of trial counsel. Trial counsel failed to request a motion in limine to preclude testimony or evidence that defendant was married to an individual other than the victim as the information was irrelevant and unfairly prejudicial pursuant to Neb. Rev. Stat. § 27-401-403; (7) He should have raised ineffective assistance of trial counsel. Trial counsel failed to research, prepare or present any proposed jury instructions knowing that the Court's final instructions misstated the law, to wit: Instruction No. 5; (8) He should have raised ineffective assistance of trial counsel. Trial counsel failed to move for a mistrial when the State improperly sought to induce testimony of prior bad acts evidence that was inadmissible pursuant to Neb. Rev. Stat. § 27-404(2) and 609; (9) He should have raised ineffective assistance of trial

counsel. Trial counsel failed to object to the State being able to replay the 911 tape during closing arguments. *State v. Jacob*, 253 Neb. 950 (1998); (10) He should have raised ineffective assistance of trial counsel. Trial counsel failed to object to evidence presented to the jury that was different from the underlying facts alleged in the information, to wit: Count IV: Tampering with a witness; (11) He provided deficient and prejudicial performance when he failed to advise defendant that he was required to bring his claims for relief to the highest state court in order to preserve those claims for federal habeas review. In Nebraska this is accomplished by filing a petition for further review.[1]

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

---

[1] To the extent that Petitioner claims that the amended post-conviction motion was not verified by him (filing no. [1 at CM/ECF p. 4](#) (at allegation "(12)"), that assertion raises no federal constitutional issue. Besides, the state court records ("transcript" filed July 6, 2016) submitted to the Nebraska court of appeals shows Petitioner made no objection to the pleading despite the fact that Petitioner's two post-conviction lawyers who drafted the document served a copy of the amended post-conviction motion on him. Still further, the state district court and state court of appeals did rely upon the lack of a verification. (Through an arrangement with the Nebraska courts, this court has access to the state court records and takes judicial notice of them when, as here, it is appropriate to do so.)

1.   Upon initial review of the habeas corpus petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.   By March 2, 2018, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 2, 2018: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3.   If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

> A.   The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B.   The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C.   Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents

        requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By March 2, 2018, Respondent must file all state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate

filing entitled: "Designation of State Court Records in Support of Answer."

B.  No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 17, 2018: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 16th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge