| | | |
|---|---|---|
| FRANCISCO J. MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV406 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD HANSEN, TSCI Warden, and | ) | MEMORANDUM AND ORDER |
| SCOTT FRAKES, NDCS Director, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The Petitioner (Francisco J. Martinez) has filed a petition for writ of habeas corpus raising two claims regarding ineffective assistance of counsel. Respondents have answered, filed the relevant state court records and briefed the matter. Petitioner has responded. Because both claims are procedurally defaulted and no excuse has been shown, I now deny and dismiss the petition with prejudice.

## *Claims*

I allowed the following two claims of ineffective assistance of counsel to proceed:

> CLAIM ONE: (1) The defendant's sixth amendment rights were violated at trial in that defendant's trial counsel's performance fell below the standard of a lawyer with ordinary training and skill in the defense of a criminal case, creating clear error and rendered an unfair trial, as more specifically enumerated in Claim Two; (2) Trial counsel failed to call or depose any witnesses on defendant's behalf to corroborate the relationship of the defendant and the alleged victim. Trial counsel could have called: Sonia Martinez and Pedro Ramirez Cabrera.

CLAIM TWO: Appellate counsel provided deficient and prejudicial representation in several respects. (1) He failed to raise that the district court erred by not sustaining trial counsel's motion for a directed verdict due to the State failure to prove that the events occurred in Douglas County, Nebraska, an essential element of the crimes charged; (2) He failed to raise that the district court erred in allowing the State to replay the 911 tape during closing arguments after it had already been played once to the jury during the State's case in chief; (3) He failed to raise that the district court erred in failing to present a proper verdict form that should have included the use of force or coercion as an aggravating factor that must be proven to the jury pursuant to *State v. Payan*; (4) He should have raised that the district court improperly instructed the jury. Instruction No. 5 indicated that the presumption of innocence is evidence in favor of the defendant and continues throughout the trial "until he shall have been proved guilty beyond a reasonable doubt." This statement implies that the defendant's guilt is an inevitability and the instruction is not in conformity with NJI2d Crim. 1.2 or 9.2, which states that the defendant is presumed innocent. Which means that "you must find him not guilty unless and until you decide that the State has proved him guilty beyond a reasonable doubt."; (5) He should have raised that the district court erred in allowing the State to present evidence which varied from the information and presented a second, uncharged theory of guilt to Count IV of the Information, to wit: Tampering with a witness; (6) He should have raised ineffective assistance of trial counsel. Trial counsel failed to request a motion in limine to preclude testimony or evidence that defendant was married to an individual other than the victim as the information was irrelevant and unfairly prejudicial pursuant to Neb. Rev. Stat. § 27-401–403; (7) He should have raised ineffective assistance of trial counsel. Trial counsel failed to research, prepare or present any proposed jury instructions knowing that the Court's final instructions misstated the law, to wit: Instruction No. 5; (8) He should have raised ineffective assistance of trial counsel. Trial counsel failed to move for a mistrial when the State improperly sought to induce testimony of prior bad acts evidence that was inadmissible pursuant to Neb. Rev. Stat. § 27- 404(2) and 609; (9) He should have raised ineffective assistance of trial counsel. Trial counsel failed to object to the State being able to replay the 911 tape during closing arguments. *State v. Jacob*, 253 Neb. 950 (1998); (10) He should have

raised ineffective assistance of trial counsel. Trial counsel failed to object to evidence presented to the jury that was different from the underlying facts alleged in the information, to wit: Count IV: Tampering with a witness; (11) He provided deficient and prejudicial performance when he failed to advise defendant that he was required to bring his claims for relief to the highest state court in order to preserve those claims for federal habeas review. In Nebraska, this is accomplished by filing a petition for further review.

(Filing No. 12 at CM/ECF pp. 1-3.)

### *Background*

Martinez was convicted after a jury trial in Douglas County District Court of first degree sexual assault, use of a deadly weapon to commit a felony, terroristic threats, and tampering with a witness. (Filing No. 14-1 at CM/ECF p. 1.) The state district court sentenced Martinez to consecutive sentences of 15 to 15 years' imprisonment for first degree sexual assault, 10 to 10 years' imprisonment for use of a deadly weapon, and to 1 to 1 year imprisonment each for terroristic threats and tampering with a witness. (*Id*. at CM/ECF p. 2.)

Martinez appealed his convictions and sentences to the Nebraska Court of Appeals. He was represented by new and different counsel on direct appeal. (*Id*. at CM/ECF p. 15.) Martinez alleged on direct appeal that the evidence was insufficient to support his convictions, his sentences were excessive, and that he received ineffective assistance of trial counsel. (*Id*. at CM/ECF p. 1.)

The Nebraska Court of Appeals found that, although Martinez made "generalized statements" concerning trial counsel's failures, the only issue he specifically raised regarding ineffective assistance of counsel was that "the outcome would have been different in this if counsel could have brought witnesses to collaborate [sic] the relationship of the defendant and the plaintiff." (*Id*. at CM/ECF

p. 15.) The Court found Martinez's assigned error without merit (*Id*. at CM/ECF p. 16.) On March 27, 2013, the Nebraska Court of Appeals affirmed Martinez's convictions and sentences. (*Id*.) Martinez did not petition the Nebraska Supreme Court for further review. (Filing No. 14-3 at CM/ECF p. 2.)

At some point, it is clear that Martinez knew of his right to file a petition for further review as he wrote a letter to his lawyer in August of 2013 asking her to do so and if she was unwilling to do so to advise him. (Filing No. 14-15 at CM/ECF p. 116.) The record also reflects that his appellate lawyer responded in writing that she would not and did not file a petition for further review "because I felt that you are going to have only positive results that you could have, if any at all, from post conviction." (*Id*. at CM/ECF p. 118.)

Starting on March 27, 2014, first pro se and then through retained counsel, Martinez commenced a state post-conviction action. (*Id*. at CM/ECF pp. 2–161; Filing No. 14-2 at CM/ECF p. 2; Filing No. 14-13 at CM/ECF pp. 2–11.) He raised multiple claims of trial error, ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The state district court denied Martinez post-conviction relief without an evidentiary hearing. (Filing No. 14-13 at CM/ECF pp. 28–40.)

Martinez appealed, pro se, the state district court judgment to the Nebraska Court of Appeals. Martinez assigned and argued on appeal that the state district court erred in failing to grant him an evidentiary hearing on some, but not all, of the claims raised in his amended post-conviction motion. (Filing No. 14-2 at CM/ECF pp. 4–5.) He also alleged that the state district court erred when it (1) conducted a hearing on its own motion and (2) received testimonial evidence relating to ineffective assistance of counsel and failed to make findings of fact and conclusions of law as to specific claims. (*Id*. at CM/ECF pp. 7–8.) On September 5, 2017, the Nebraska Court of Appeals affirmed the denial of Martinez' motion for post-conviction relief, but

vacated the part of Martinez's sentence subjecting him to lifetime community supervision. (*Id.* at CM/ECF p. 10.)

On October 6, 2017, Martinez filed an untimely motion to extend the time to petition the Nebraska Supreme Court for further review. (Filing No. 14-4 at CM/ECF p. 2.) The request was denied because it was filed out of time. (*Id.*)

Martinez admits in his petition that, with the assistance of another inmate, he litigated his post-conviction appeal. (Filing No. 1 at CM/ECF p. 7.) Martinez had until October 5, 2017, 30 days from the date of the release of the opinion of the Nebraska Court of Appeals, to petition the Nebraska Supreme Court for further review. *See Marshall v. Marshall*, 902 N.W.2d 223, 235 (Neb. 2017) ("Neb. Ct. R. App. P. § 2-102(F)(1) (rev. 2015) requires that a petition for further review and memorandum brief 'must be filed within 30 days after the release of the opinion of the Court of Appeals or the entry of the order of the Court of Appeals finally disposing of the appeal, whichever occurs later.'"); *see also Ackerman v. Neb. Dept. of Corrections Appeals Bd.*, 593 N.W.2d 728 (Neb. 1999) (petition dismissed because petition for further review was untimely).

Martinez states that, on October 3, 2017, he mailed out a legal letter asking the Nebraska Supreme Court for an extension of time to file his petition for further review. (Filing No. 1 at CM/ECF pp. 6-7.) The prison delivery rule, however, does not apply in Nebraska. *See State v. Smith*, 834 N.W.2d 799, 802 (Neb. 2013). Thus, the letter filed on October 6, 2017, was untimely.

The mandate issued on October 16, 2017. (Filing No. 14-4 at CM/ECF p. 3.) This habeas petition followed on October 23, 2017. (Filing No. 1.)

## Exhaustion and Procedural Default

As set forth in 28 U.S.C. § 2254:

(b)(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (I)    there is an absence of available State corrective process; or

        (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues *by invoking one complete round of the State's established appellate review process*.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (Italics added).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *Nebraska Law Relevant to Procedural Default*

Under Nebraska law, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz,* *670 N.W.2d 788, 792 (Neb. 2003)*. Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also* *State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."); *State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("*When a defendant's trial counsel is different from his or her counsel on direct appeal*, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.") (Italics added).

### *Failure to File Petitions for Further Review*

Because Petitioner did not file a petition for further review with the Nebraska Supreme Court (1) regarding the direct appeal and (2) the post-conviction appeal, all of his claims are procedurally defaulted since he has no available state remedies that he can use to rectify his failure to give Nebraska "one complete round" to consider his complaints. *Akins*, 410 F.3d at 454-55.

Petitioner lays the blame at the feet of his direct appeal counsel or the legal aid at the prison but that will not fly for several reasons. First, the record reflects that he knew of his need to file a petition for further review at some time in 2013 as evidenced by his letter in August of 2013 to his direct appeal lawyer. Thus, he

certainly has no excuse for failing to file a timely petition for further review regarding the 2014 post-conviction action that was resolved against him in 2017.

This knowledge also casts doubt on any excuse about failing to file a petition for further review regarding the direct appeal. But even if Petitioner was ignorant, that would not be a cause to excuse the default since that ignorance would not be "an objective factor external to the defense." *Coleman*, 501 U.S. at 753.

In this same vein, in *Ross v. Moffitt*, 417 U.S. 600 (1974), the Supreme Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *See also Wainwright v. Torna*, 455 U.S. 586 (1982) (Petitioner was not denied due process of law by fact that retained counsel deprived him of his right to petition Florida Supreme Court for discretionary review by failing to timely file an application for review).

Indeed, as the Nebraska Court of Appeals said in rejecting Petitioner's claim in this regard:

> Since Martinez has no constitutional right to further review beyond the conclusion of his appeal to the Court of Appeals, he had no right to counsel for that appeal and, accordingly, there is no basis for a claim of ineffective assistance of counsel. Thus, since a defendant has no constitutional right to court-appointed counsel after the conclusion of his direct appeal, Martinez' court-appointed counsel was not ineffective for failing to advise him of the right to seek a PFR.

(Filing No. 14-2 at CM/ECF pp. 8–9.[1])

---

[1] *State v. Martinez*, No. A-16-606, 2017 WL 3868185, at *7 (Neb. Ct. App. Sept. 5, 2017).

In short, I can find no cause–that is, no cognizable external impediment to the timely filing of petitions for further review–to excuse the default. Still further, there is no reason to believe there was a miscarriage of justice or that Petitioner was factually innocent such that the procedural default might be excused.

On the contrary, as recited by the Nebraska Court of Appeals in its opinion on direct appeal, the evidence included what amounted to a tacit confession. Petitioner wrote to the victim after the incident, and shortly before the victim was scheduled to testify at a preliminary hearing, "urging her to drop the charges for a number of reasons including their minor child and preventing Martinez' mother from finding out he was in jai1. In the letter, Martinez indicated that the incident occurred because he was jealous and did not want to lose her and advised [the victim] to not ask anyone else about what she should do." (Filing No. 14-1 at CM/ECF p. 5.)

### *Certificate of Appealability*

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1.      The petition (filing no. 1) is denied and dismissed with prejudice.

2.      No certificate of appealability has been or will be issued.

3.     A separate judgment will be issued.

DATED this 27th day of April, 2018.

                              BY THE COURT:

                              s/ *Richard G. Kopf*
                              Senior United States District Judge